## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARMAYNE PATRICIA MADDY, | : | |
| Petitioner | : | |
| v. | : | CIVIL ACTION NO. 3:18-CV-1436 |
| MERLE EBBERT, ESQ., CUMBERLAND COUNTY DISTRICT ATTORNEY, ET AL., | : | (Judge Caputo) |
| Respondents | : | |

# M E M O R A N D U M

## I. Introduction

On July 18, 2018, John William Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on behalf of Charmayne Patricia Maddy, his alleged common law wife and co-defendant. Mr. Williams claims Ms. Maddy has designated him as her "AUTHORIZED AGENT AND SIGNATOR for the express purpose of acting on her behalf in legal matters." (ECF No. 1, ¶ 8). Mr. Williams has paid the filing fee in this matter. The petition is before the Court for screening. For the reasons set forth below, the Court will dismiss the Petition.

## II. Legal Standard

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. This rule provides, in pertinent part: "If it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. 4, 28 U.S.C. foll. § 2254. In addition to the petition and attached exhibits, a federal habeas court may take judicial notice of state court records, as well as its own. *See Zedonis v. Lynch*, 233 F. Supp.3d 417, 422 (M.D. Pa. 2017) (Caldwell, J.) (citing *Pension Benefit. Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)) and *Dean v. Copozza*, No. Civ. A. 13-41, 2013 WL 1787804, at *1 (W.D. Pa. Apr. 10, 2013) ("Pennsylvania's Unified Judicial System provides online access to the docket sheet for criminal cases, and this court may take judicial notice of those dockets.")). Accordingly, in reviewing this petition, the Court has taken judicial notice of the Petitioner's and Mr. Williams' criminal proceedings in the Pennsylvania state courts.[1]

### III. Relevant Background

Following an October 2, 2017 incident, Ms. Maddy and Mr. Williams were arrested, and stand accused of conspiracy to commit kidnapping, robbery, and theft by the use of credit cards of an unlawfully restrained person. *See Commonwealth v. Williams*, CP-21-CR-0003640-2017 (Cumberland Cty. Ct. Com. Pl.) and *Commonwealth v. Maddy*, CP-21-CR-0003641-2017 (Cumberland Cty. Ct. Com. Pl.). Nathan Charles Wolf, Esq. is Ms.

---

[1] Specifically, the Court takes judicial notice of *Commonwealth v. Williams*, CP-21-CR-0003640-2017 (Cumberland Cty. Ct. Com. Pl.) (Mr. William's criminal docket) and *Commonwealth v. Maddy*, CP-21-CR-0003641-2017 (Cumberland Cty. Ct. Com. Pl) (Ms. Maddy's criminal docket) (last visited January 15, 2019).

Maddy's court-appointed counsel. Ms. Maddy is not presently in custody. She was released on bail from the Cumberland County Prison on August 29, 2018. Her trial before the Cumberland County Court of Common Pleas is set for January 28, 2019.

In the present habeas petition, Mr. Williams claims that Ms. Maddy "[d]ue to naivete and inexperience with the judicial system, and difficulty grasping the intricacies of the law, is not capable of prosecuting" her challenge to her pre-trial detention and that she "is being misrepresented by court-appointed counsel." (ECF No. 1, ¶¶ 4 - 5). Mr. Williams, not Ms. Maddy, signed the Petition.

## IV. Discussion

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in [her] behalf." 28 U.S.C. § 2242. In order to file a habeas petition on another's behalf, known as a "next friend" habeas petition, one must establish the requisite Article III standing to do so. *See Whitmore v. Arkansas*, 495 U.S. 149, 161 - 62, 110 S.Ct. 1717, 1727, 109 L.Ed.2d 135 (1990); *accord In re Zettlemoyer*, 53 F.3d 24, 26 (3d Cir. 1995) (per curiam).

" '[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore,* 495 U.S. at 163, 110 S.Ct. at 1727. The would-be "next friend" must first prove that the real party in interest cannot pursue her own cause due to some disability such as mental incompetence or lack of access to the court. *Id.* at 163, 110 S.Ct. at 1727. Then, the next friend must show some relationship or other evidence that would suggest that the next friend is truly dedicated to the interest of the real party in interest. *Id.* at 163 - 64, 110 S.Ct. at 1727. Ultimately, "[t]he burden is on the 'next

friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164, 110 S.Ct. at 1727.

In the instant case, Mr. Williams has failed to meet his burden to establish "next friend" standing. Although he claims to be Ms. Maddy's common law husband,[2] he is also her co-defendant. Therefore, it cannot be presumed that he is "truly dedicated' to her best interests. Additionally, while he submits that Ms. Maddy has authorized him to represent her in legal matters, he has not presented any supporting proof of this claim.[3] More importantly, Mr. Williams fails to establish the propriety of the next friend habeas petition because he has not shown why Ms. Maddy is unable to file a habeas petition on her own behalf. Mr. Williams does not suggest that she is mentally incompetent or suffers from some other disability that would prevent her from pursuing an action on her own. Mr. Williams does not suggest Ms. Maddy is unable to raise her alleged dissatisfaction with her court-appointed counsel's performance with the trial court should she choose to do so.[4] Thus, there is no evidence to support a finding that Ms. Maddy is incompetent or unable to access the courts for the purpose of bringing this action should she wish to do so. *Whitmore*, 495 U.S. at 163 – 64, 110 S.Ct. at 1727.

---

[2] Mr. Williams fails to present any evidence, aside from his own self-serving affidavit, that Ms. Maddy is his common law spouse. Notably, he fails to present a declaration from Ms. Maddy asserting that he is indeed her husband.

[3] Even if Mr. Williams did provide documentary evidence that he holds a power of attorney for Ms. Maddy, federal courts "have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Harford Life, Inc.*, 546 F.3d 661, 664 - 65 (collecting cases); *see also Liggon-Redding v. Willingboro Township*, 351 F. App'x 674, 679 (3d Cir. 2009) (nonprecedential) (finding that, even though wife had power of attorney for husband, she did not have standing to bring a claim on his behalf in a representative capacity on a *pro se* basis).

[4] Upon review of Ms. Maddy's criminal docket sheet there is no suggestions that Ms. Maddy (or Mr. Williams) has notified the trial court that she is not satisfied with Attorney Wolf's representation.

It is plainly apparent from the face of the Petition and Ms. Maddy's criminal docket sheet that Mr. Williams cannot demonstrate that he is entitled to next friend status, and thus he lacks standing to pursue a habeas claim on Ms. Maddy's behalf. As such, the Court has no jurisdiction to entertain the Petition, nor can it grant habeas relief in this matter. Accordingly, the Petition will be dismissed.

An appropriate order follows.

**Date:** January 23, 2019        /s/ A. Richard Caputo
                                                  **A. RICHARD CAPUTO**
                                                  **United States District Judge**